# EXHIBIT A

# BEFORE THE MAGISTRATE COURT OF ATHENS

## APPLICATION FOR JUDICIAL SEQUESTRATION

Of Zacharias Portakalis of Georgios, Stockbroker, Artworks' collector, who resides in Athens, at 8, Pesmazoglou Street, acting in his capacity as Founder and member of the first BoD of the "Theodoros Stamos Foundation" under establishment.

### AGAINST

Georgianna Savvas, spouse of Leonidas born to Theodoros and Stamata Stamatelos, who resides in New York, USA, at 132 West 70th Street (1A) New York, New York 10023 USA )

****************

## CASE RECORD

The world-renowned painter Theodoros Stamatelos or Stamos, as he was known amongst the artistic circles, was of Greek descent (born to Greek parents), was born in 1922 in New York where he spent most of his life, and died in Greece in 1997.

His contribution to painting has been important and he formed part of the avant-garde " New York School " (along with Rothko, de Kooning, Pollock, etc.), which influenced the evolution of the art of painting at global level.

Works of his adorn the biggest Museums of Contemporary Art in the world, and 45 important works of his, donated by the artist himself, can be found at the Greek National Gallery – Alexandros Soutzos Museum in Athens, Greece.

I am the biggest Art Collector in Greece and the biggest Stamos' works collector globally, with more than two hundred fifty (250) genuine works by Stamos in my Collection, which I acquired from the artist himself, without the intervention of art galleries, auctioneers or other agents. .

While Stamos was in life, I was (as everybody interested in his life and works knows) his closest, dearest and most trusty friend.

During his sojourns in Greece, I often visited him at his home in Lefkada, and spent with him countless hours; he would put me up for long periods at the said house, I slept there, we ate together and talked ceaselessly of Art, and he would let me watch him while he was painting, which is something he did not allow and never allowed to any other person in the world.

Stamos would talk to me endlessly about his work, his inspiration, indicated his state of mind as an artist, how he attained the specific chromatic tonalities of his works, about the way he was working and used his brush, the ideas illustrated in some of his shapes, the messages he wanted to convey through the series of his works (such as the Jerusalem Series, the Torino Series, etc.), he trained me persistently, personally and attentively and initiated me into the secrets of his painting and his secret codes that all artists seek to have and follow.

The defendant Georgianna Savvas née Stamatelos is the artist's sister.

*************************

Short before his death, Stamos drew up his **Will** dated 12-12-1996, which was published and declared valid on March 31, 1999 pursuant to the law governing the State of New York and was never contested or challenged by anyone, as proven by the certificate no. 071769/25-6-1999 issued by the Surrogate Court of the State of New York where it is mentioned that Theodoros Stamatelos/Stamos' sister (also born in the USA, an American citizen by birth, who lives today in New York), i.e. Georgianna spouse of Leonidas Savvas, born to Theodoros and Stamata Stamatelos, is the Administrator of his Will.

Through his Will (which has been never contested and/or challenged by anyone and for any reason up to date), **he appointed his sister and defendant as above as the sole and unique owner and beneficiary, holder and possessor of all the copyrights over his entire work.**

*************************

Through the Agreement for the Assignment of Copyrights dated May 13, 2009, Georgianna Stamos, the artist's sister, defendant and beneficiary of Stamos works' copyrights by will as above, wishing to best protect the work of her brother, the artist Stamos, whom she adored as brother and admired as artist, and seeing in me the person and friend who stood by, loved and admired her brother Stamos more than anyone else, and knowing that I struggle, work and see more than anyone else to the protection of the artist's entire work, and realizing that her advanced age (she is 81 years old currently) does not allow her to monitor the status of Stamos works' copyrights and that she no longer has the physical and mental strength to do it, acknowledging and accepting the fact that I am the only adept at the work of Stamos (and moreover systematically trained exclusively by the same, initiated into the secrets of his art and connoisseur of his secret codes) **legally assigned to me only without time limits or local restrictions, per the terms and conditions included in the above agreement, the copyrights over the entire work of Stamos, and, in specific, as follows:**

## ASSIGNMENT OF COPYRIGHTS

TRANSFER and ASSIGNMENT of INTEREST made this 13 May of

2009 by and between GEORGIANNA SAVAS (hereinafter referred to as "ASSIGNOR"), and ZACHARIAS PORTALAKIS residing at

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs , 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle , Ministere des Affaires Etrangere , Athenes, Grece

and the THEODOROS STAMOS FOUNDATION with an address of (hereinafter referred to as "ASSIGNEE").

WHEREAS the ASSIGNOR is the Executrix of the Estate of THEODOROS STAMOS and the sole beneficiary under the Last Will and Testament of THEODOROS STAMOS with respect to all the rights and copyrights of the works of art of THEODOROS STAMOS, deceased, which the THEODOROS STAMOS FOUNDATION (sometimes hereinafter referred to as the "FOUNDATION") is desirous of acquiring.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the parties agree as follows:

**FIRST: TRANSFER and ASSIGNMENT**

1.1 The ASSIGNOR, as the sole beneficiary under the Last Will and Testament of THEODOROS STAMOS (hereinafter the "Decedent") with respect to all the rights and copyrights of the works of art of the Decedent, is the sole and rightful owner of all said rights and copyrights of the Decedent (hereinafter the "COPYRIGHTS") and has the full legal right to sell and transfer the COPYRIGHTS.

1.2 The ASSIGNOR, individually and as Executrix of the Estate of THEODOROS STAMOS, does hereby sell, transfer and assign to ASSIGNEE all rights, title and interest to the COPYRIGHTS for the consideration as set forth in Article SECOND.

1.3 The parties hereto hereby acknowledge and agree that the FOUNDATION has not been officially formed as of the date hereof. The ASSIGNOR, however, does hereby agree to sell, transfer and assign to ZACHARIAS PORTALAKIS all rights, title and interest to the COPYRIGHTS on the specific condition that upon the legal formation of the FOUNDATION ZACHARIAS PORTALAKIS shall promptly transfer and assign to the FOUNDATION all rights, title and interest to the COPYRIGHTS, which condition and obligation is accepted and unconditionally agreed to by ZACHARIAS PORTALAKIS.

**SECOND: CONSIDERATION**

2.1 In consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid by the ASSIGNEE for the transfer and assignment of the COPYRIGHTS, the receipt of which is hereby acknowledged, the ASSIGNOR does hereby sell, transfer and assign to ASSIGNEE all rights, title and interest to the COPYRIGHTS, whether in the United States or elsewhere.

### THIRD: DELIVERY

3.1 ZACHARIAS PORTALAKIS does hereby acknowledge that ASSIGNOR has delivered to him copies of all the COPYRIGHTS documentation.

### FOURTH: NOTICES

4.1  All notices to ASSIGNEE shall be sent to Vassiliki Betsou, Esq., at Navarinou 14, Athens, Greece 10680.

4.2  All notices to ASSIGNOR shall be sent to Arthur A. Mannarino, Esq., at Mannarino & Candela, P.C., 315 Madison Avenue ( Suite 1804 ), New York, New York 10017.

### FIFTH: BENEFIT

5.1 This agreement shall binding upon and shall inure to the benefit of the parties and their legal representatives

*******************

### ACTIONS FOR THE ESTABLISHMENT OF THE

### "THEODOROS STAMOS FOUNDATION"

Further to the above, without any delay after conclusion of the above Agreement, I asked my lawyer and my Notary Public, Mr. Ioannis Hatziyannis of Nikolaos, residing at 72, Akadimias Street to draw up at my expenses the **Articles of Association of the welfare institution** under the name **"Theodoros Stamos Foundation"** which bore number 8818/24-9-2009 of the same Notary Public.

Immediately after the draw-up of the Articles of Association (24-9-2009) I filed without delay, on 1-10- 2009 in specific (i.e. in 4 business days) an application before the Ministry of Finance – National Trusts Directorate, which was given reference no. 1093412/1-10-2009.

Further to the above, and since I have done everything that I ought to do pursuant to the Law concerning the establishment of a foundation, the completion of the Theodoros Stamos Foundation establishment lies within the hands and competence of the above department of the Ministry of Finance and has obviously failed to be completed due to the political and financial developments in our country.

***************************

Case 1:12-cv-01248-VM   Document 11-1   Filed 05/25/12   Page 6 of 17

In 2008, the defendant had sent to be through courier service, the <u>hereafter illustrated objects</u> (paintings, papers, and other small objects) that belonged to the late Stamos, as gifts to me.

I received these objects in my ownership, possession and enjoyment and further to the aforementioned Agreement for the Assignment of Copyrights dated May 13, 2009, I stated (without having any legal obligation to do so) to the party against whom the application is made that immediately after the establishment of the "Theodoros Stamos Foundation" I would donate these works to the Foundation.

My aforementioned intention was notified both to her and the members of the Founding Board of Directors of the Theodoros Stamos Foundation under establishment.

Further on, the party against whom the application is made changed her mind and addressed to me through her US based Attorney-in-fact her Letter dated November 5, 2011 (written in English) which reads as follows [translator's note: back translation from Greek], (I cite the content of her Letter dated 5-11-2011 with reservations, without accepting its entire content):

Georgianna Savvas

120, West 70th Street, Apt. 1B, New York, New York, 10025

November 5, 2011

Dear Mr. Portalakis,

**This message concerns the continuance of Stamos' heritage in America through the entire Stamos' estate that has been in store since I handed it over to you in the last years. The purpose of my works' storage was for them to be in the end included in a museum you wanted to open. This is a known fact that you had discussed over 15 years ago with Stamos and me, especially if the fact that I became administrator of his will is taken into account.**

Please do not insult me by asking a list from me, in this way you have added insult to my injury. It is my understanding that my paintings and memorabilia have been stored in your depository throughout this period in a section dedicated to Stamos' work, with the exception of a few paintings in your office.

Having been recently informed of the disappointing events that followed Louie's death I feel devastated, especially about the fact that my reputation has been damaged. But now that I am implicated, the honest thing for me to do is to put an end to the "evolution" of this situation that spreads like cancer. Moreover, as I am sure you know, it is a sin for anyone to turn his back to dishonesty. As Louie had said "Life is a series of awakenings-and this is the spiritual quest of Man". And to cite the wise saying of my mother: "God is everywhere, is infinite, and sees everything, and you cannot hide your actions or motives, either good or bad", which would be quite well-timed in this situation.

What was important in this whole sequence of events was to respond to Stamos' wishes and resist all opportunities and temptations to sell his works, which were numerous. Through the connection with you, Mr. Portalakis, in combination with my immortal trust and respect in you, the entire Stamos' Estate had been sent to you to store it for the museum you were to supposedly start, as mentioned before.

The fact that I connected with the Hollis Taggart Gallery in 2007 was a blessing. I firmly believed that through this connection in New York, in combination with our mutual goal to open a museum with a Stamos' branch in Greece, we were on the right track to reanimate Stamos' heritage throughout the world, but unfortunately this was not confirmed.

**Thus, there is no confusion concerning the easiness of Stamos' Estate restoration to me, and what I expect from you as an honorable man is to keep your word, and tell me how you handled the various dispatches of Stamos' works to you, i.e. provide me with a full list of what you have in your possession in Greece.** Furthermore, the same stands with regard to the memorabilia, which you repeatedly stated that you would have students record one by one, which never happened until 2011. You never gave these lists to me, which I chose to ignore, due to our excellent relationship.

The list should include:

1. Framed paintings, canvasses and oilcloths

2. Stretched canvasses

3. Collages

4. Sketches in black and white (in wooden and silver frame) charcoal and ink, pencil, china ink and brush

5. Portfolio of sketches with protective paper between the sheets

6. Half finished primed canvas, the brushes and shirts of the artist

7. Pictures

8. Tapestries

9. Plexiglass palette

10. 12 boxes - (various documents, pictures, and other personal documents)

Afterword: **My biggest wish is that this restoration of Stamos' items is dealt with dignity and be not added to the ugly incidents that are already known to the Art world here in New York.** As I have already mentioned, I would very much like to handle this issue in a dignified manner and entertain some hope that there will be a good remembrance of Stamos through your previous efforts.

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs, 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle, Ministere des Affaires Etrangere, Athenes, Grece

Georgianna Savvas

Further to the above, it is quite clear that Stamos' legatee, his sister Georgianna Savvas, who had initially given away these items to me, which devolved upon my bare ownership, **now demands that I restore them to her and by-pass my already expressed intent to transfer them to the Foundation.**

However, I no longer act individually, but as **Founder** of the "Theodoros Stamos Foundation" under establishment and for this reason I am responsible and liable towards the Founding Board of Directors, and the Foundation for handing them over to the "Theodoros Stamos Foundation" as soon as its establishment is completed.

The handing over of the items (that are now found in my depository) to Georgianna Savvas will result in the raising of a civil claim on the part of the "Theodoros Stamos Foundation" against me, since this restoration to her will harm it.

The party against whom the application is made advised me through a subsequent letter of hers that should I not comply with her (i.e. fail to restore the items to her), she will file against me an action and application for interim measures, which will be filed and trialed in the US (since Georgianna Savvas is an American Citizen and lives in New York, USA), a fact that will result in my being unable to legally appear and represent the interests of the Theodoros Stamos Foundation under establishment due to the great distance, the lack of time on account of my professional activity and the colossal cost of legal services in the US.

Hence, the "Theodoros Stamos Foundation" under establishment will lose on the one hand the possibility to assert the items that belong to it, and will, on the other hand, (should the application of the party against whom the application is made, namely Georgianna Savvas, be admitted) lose the items themselves that, as analyzed before, belong to me and which I intend to transfer to the "Theodoros Stamos Foundation" under establishment, as soon as it is established per the law.

The result of these actions by the party against whom the application is made and my inability to assert the items in the US will be, on the one hand, that I will harm the Foundation, and on the other hand, that I am liable towards it, as soon as it is established, and which, further to its establishment will raise against me its relevant claims.

WHEREAS the items illustrated above have devolved upon me individually, which nevertheless I ought to transfer, further to my already expressed intent, as Founder and responsible of the Theodoros Stamos Foundation under establishment, to it as soon as its establishment is completed;

WHEREAS the party against whom the application is made disputes the ownership, possession and enjoyment of the items in dispute;

WHEREAS I consider that the total value of these items amounts to 18,000 euro;

WHEREAS **there is risk** to lose these items through the filing by the party against whom the application is made of an application for interim measures against me in the US, which will result in the order by court ruling that I dispatch these items to the US and be alienated from them, both myself and the Theodoros Stamos Foundation under establishment,

and for this reason interim measures must be taken by your Court through the issuance of a ruling on my present application;

WHEREAS there is **special urgency** for the above items to be placed in judicial sequestration until the hearing of my Action on the above dispute, since these items no longer belong to me individually, but to the Theodoros Stamos Foundation under establishment, whereas the eventual successful outcome of the application for interim measures filed by the party against whom the application is made in the US will mean that she, provided with a ruling ordering the receipt of the items in dispute, will demand their receipt by me, and their delivery by me will mean the alienation of the Theodoros Stamos Foundation under establishment from them;

WHEREAS **the damage** to be suffered by the "Theodoros Stamos Foundation" under establishment from the loss of the items will be enormous, since it will be alienated from the items that concern Stamos (sketches, works, documents, catalogues of his artworks, personal objects, etc.) whose copyright it will protect further to its establishment;

WHEREAS **in order to secure the right of the Theodoros Stamos Foundation under establishment** on the aforementioned items and until the definitive resolution of the dispute between me, as Founder of the Theodoros Stamos Foundation under establishment and the party against whom the application is made (who asserts the ownership of these items), the interim measure of sequestration should be ordered since there are urgent reasons conducing to it;

WHEREAS the Director of Benaki Museum, Mr. Aggelos Delivorias, should be appointed sequestrator (1, Koubari Street & Vasilisis Sofias, Athens );

WHEREAS an injunction should be issued ordering the provisional judicial sequestration of the aforementioned items per my present application **(which are located in my depository)** until the hearing of this present application;

WHEREAS the Director of Benaki Museum, Mr. Aggelos Delivorias, should be appointed sequestrator (1, Koubari Street & Vasilisis Sofias, Athens );

WHEREAS I attach to this present photocopies of the items in dispute, which (photocopy) forms integral part of my present application;

WHEREAS my application is lawful, substantiated and true;

### FOR THESE REASONS

**And without prejudice to all my legal rights**

### I SOLICIT

That my present application is admitted;

That interim measures are taken;

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs , 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle , Ministere des Affaires Etrangere , Athenes, Grece

That the provisional judicial sequestration of the items mentioned in the case record of my application under judgment illustrated in the attached photocopy, namely: framed paintings, canvasses and oilcloths, stretched canvasses, collages,

sketches in black and white (in wooden and silver frame), charcoal and ink, pencil, china ink and brush, portfolio of sketches with protective paper between the sheets, half finished primed canvas, the brushes and shirts of the artist, pictures, a tapestry, a plexiglass palette, 12 boxes containing various documents, pictures, and other documents, **as these have been boxed in 13 wooden boxes**, and as they are analytically illustrated and described in the photocopies attached hereto, is ordered;

That the Director of Benaki Museum, Mr. Aggelos Delivorias, is appointed sequestrator (1, Koubari Street & Vasilisis Sofias, Athens ), to whom the delivery of these items should be ordered;

**That an injunction is issued** ordering the provisional judicial sequestration of the above items which are in my ownership, possession and enjoyment, as they are described in my present application, and their delivery to the Director of Benaki Museum, Mr. Aggelos Delivorias (1, Koubari Street & Vasilisis Sofias, Athens), until the hearing of my present application.

That the party against whom this application is made is compelled to pay my legal expenses and lawyer fees.

Athens, January 9, 2012
Attorney-in-fact
Vasiliki E. Betsou
Lawyer
67 Patision Avenue-104 34 Athens
Tel. 210 3633919
Tax.Reg.No. 027548075 I.R.S. IA Athens
Signed & sealed

No. 318

Date: 10/1/2012   Day: Wednesday

Time: 12.30  p.m.

Attorney-at-law Vasiliki Betsou ( Bar Reg.No. 20273) appeared and filed the present case file.

| Attorney | Clerk |
|---|---|
| Signed | signed |



ELENI DESYLLA
Athens Magistrate
We define as time for the hearing of the temporary order to be defined on 16.1.2012 , Monday and at 13.00 p.m. and place , Office 65 . Communication by telegraph.
Judge
Signed & sealed

Vizeed for its lawful recording.
499/2012               Monday, 16.1.2012
13.20

The Magistrate of Athens Panagiota Papatheodorou , we define as time in order the present to be heard on 16.2.2012 , Thursday and at 9.00 a.m. and before the audience of the Magistrate Court of Athens . Communication 3 days earlier.
Magistrate
Panagiota Papatheodorou
signed & sealed
Vizeed for its lawful recording.
Signed & sealed

Temporary Order
We forbid the alteration of legal and real status of the items at issue and up to the hearing of the present before the Magistrate Court of Athens until the application is heard and on the condition that will be heard during the defined day of hearing.
Athens, 16.1.2012
Magistrate
Panagiota Papatheodorou

True copy

Athens , 6th March 2012

Clerk

Maria Balaska ( signed & sealed)


Vizeed for its lawful recording.
Athens, 6th March 2012
Head of Department
Maria Balaska ( signed & sealed)

Authenticity of the signature of Maria Balaska , Official of the Magistrate Court of Athens is hereby certified.
Athens 6.3.12
Head of Administrative Office
Magistrate Court of Athens
Gkolfo Zografou
Magistrate A' ( signed & sealed)

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs , 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle , Ministere des Affaires Etrangere , Athenes, Grece



## APOSTILLE
### (Hague Convention, 5th October 1961)

1. Country: Greece
The present public document

2. has been signed by Gkolfo Zografou

3. who acted in the capacity of Magistrate A' ( judge)

5. bears the seal of the Magistrate Court of Athens

### Certified

5. in Athens          6. on 16.3.2012

7. by Mr. Athanasios Papapanagiotou , First Instance Court Judge

8. No. 382/2012

9. seal           10. Signature

Athanasios Papapanagiotou

First Instance Court Judge

Signed & sealed

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs , 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle , Ministere des Affaires Etrangere , Athenes, Grece

**FIRST INSTANCE COURT OF ATHENS**

**DIVISION OF SAFETY MEASURES**

Ref.No. 2164

Athens, 6th March 2012

## CERTIFICATION

The Head of Safety Measures of the Magistrate Court of Athens Eleni Zachariadou – Panagiotou hereby certify that on the 10th of January 2012 Application of Judicial Sequestraiton No. 318/2012, dated 9th January 2012 of Zacharias PortaLAKIS son of Georgios, resident of Athens, at 8 Pesmazoglou Street was filed against Georgianna Savvas wife of Leonidas, resident of New York, United States, 132 West 70th Street, New York with date of hearing for the issuance of temporary order upon the request of the applicant on the 16th of January 2012, Monday and at 13 p.m.

The Temporary Order was issued by default of the defendant on the 16th of January 2012 and temporary order was granted with the following content "The alteration of the legal and real status of the items at issue until the hearing of the present and on the condition of being heard during the above hearing day.".

Hearing of the said application under file No. 499/2012 was defined to be on Thursday, 16th of February 2012 and the branch of the Magistrate Court of Athens. During said date the applicant Zacharias Portalakis was represented by his attorney and Georgianna Savvas was represented by her attorneys Spyros Nikolaou and Georgia Episkopou. Due to abstention of the attorneys the case was postponed by request of the Attorney-at-law of the applicant for the hearing on the 1st of March 2012 and the Temporary Order was maintained.

During the hearing, upon adjournment, on the 1st of March 2012 the applicant appeared through his Attorney-at-law Dimitrios Papadellis, whereas the defendant did not appear this time and for that reason the case was adjourned for the hearing on the 24th of July 2012 maintaining the temporary order and by directing the announcement of the Adjournment Minutes to the defendant until the 20th of April 2012.

Head of Division

El. Zachariadou-Panagiotou

Signed & sealed

Authenticity of the signature of Maria Balaska, Official of the Magistrate Court of Athens is hereby certified.

Athens 6.3.12

Head of Administrative Office

Magistrate Court of Athens

Gkolfo Zografou

Magistrate A' ( signed & sealed)

## APOSTILLE

### ( Hague Convention, 5th October 1961)

1. Country: Greece
The present public document

2. has been signed by Gkolfo Zografou

3. who acted in the capacity of Magistrate A' ( judge)

5. bears the seal of the Magistrate Court of Athens

### Certified

5. in Athens       6. on 16.3.2012

7. by Mr. Athanasios Papapanagiotou, First Instance Court Judge

8. No. 383/2012

9. seal       10. Signature

Athanasios Papapanagiotou

First Instance Court Judge

Signed & sealed

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αριώνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs, 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle, Ministere des Affaires Etrangere, Athenes, Grece

Certified copy from the original which a competent court bailiff is ordered to duly serve to Mr. Public Prosecutor, First Instance Court of Athens by the request to arrange for its lawful service to Georgianna Savvas, widow of Leonidas, resident of New York, United States of America, at 120 West 70 Street, Apt. IB New York, New York, 10025 in order to obtain knowledge and for all legal consequences calling her simultaneously to come forward and appear during the hearing of the present according to the Certification under Reference No. 2164/6.3.2012 of the head of the Magistrate Court of Athens Eleni Zachariadou-Panagiotou (division of safety measures) (attached No. 1), during the hearing of the present that is to say on the 24th of July 2012 and at 09.00 a.m. at the Magistrate Court of Athens (division of safety measures).

Athens, 12th March 2012

Attorney-at-law

Giorgos S. Kloudas

Lawyer

30 Sina Street- Athens 106 72

Tel 210 33.03.494- 210. 38. 38.182

Tax.Reg.No. 064468680 –I.R.S. D Athens

Signed

It is certified that this is the original signature of Georgios Kloudas, advocate, member of the Athens Bar Association, registration No. 23121.

Athens, 15.3.2012

The Vice-President of the Athens Bar Association

Giannis D. Adamopoulos

Signed & sealed

*Endorsements in front page of the original written by hand.*

The time of hearing of the temporary order is defined to be on 16.1.2012 , Day: Monday and at 13.00 , office 65. Summons communicated by telegraph to the defendant 24 days earlier.

Athens, 10.1.2012

Magistrate

Signed

Adjourned for 24.7.2012 and minutes up to 20.4.2012 .

1/3/2012

Signed

Temporary order is maintained up to the hearing of the application.

1.3.12

Signed

Hearing: 16.2.2012

Day: Thursday

Communication : 3 days earlier

Temporary Order: Yes , prohibition of alteration of the legal and real status of the items at issue up to the hearing of the present and on the condition of being heard during the above hearing day.

Athens, 16.1.2012

Magistrate

Signed

Adjourned for 1.3.2012

Maintains temporary order .

16.2.2012

Signed

## APOSTILLE

### (Hague Convention, 5th October 1961)

1. Country: Greece

The present public document

2. has been signed by G. Adamopoulos

3. who acted in the capacity of President

4. bears the seal of the Bar Association of Athens

### Certified

5. in Athens          6. on 16.3.12

7. by the Decentralized Administration of Attica

8. Under No. 10867/16.3.12

9. seal              10. Signature

   Dimitra Panourgia

   Signed & sealed

- Certified exact translation from the attached greek copy from the original document into English.
- Translated by: Maria Kalogeraki
- Dated: 19.3.2012

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών Αρίωνος 10, Αθήνα, Ελλάδα
Translation Service Ministry of Foreign Affairs, 10 Arionos Str., Athens, Greece
Bureau des Traductions Officielle, Ministere des Affaires Etrangere, Athenes, Grece