UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GEORGIANNA SAVAS,

                                                Civ. No. 12-civ-1248 (VM)

                  Plaintiff,

     -  against –

ZACHARIAS GEORGIOU PORTALAKIS

                  Defendant.

-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Ballon Stoll Bader & Nadler, P.C.
729 Seventh Avenue
New York, NY 10019
*Attorneys for Defendant*

{00138825;2}

## Table of Contents

|  | Page |
|---|---|
| Table of Authorities | iii |
| **PRELIMINARY STATEMENT** | 1 |
| **FACTS** | 1 |
| **ARGUMENT** | 1 |
| I. **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION** | 1 |
|     A. **New York's Personal Jurisdiction Law** | 2 |
|         i. *CPLR §301: Traditional Jurisdiction* | 2 |
|         ii. *CPLR §302: New York's Long Arm Statute* | 4 |
|             1. CPLR §302(a)(1) | 4 |
|             2. CPLR §302(a)(2) | 4 |
|             3. CPLR §302(a)(3) | 4 |
|             4. No Personal Jurisdiction Pursuant to CPLR §302 | 4 |
|     B. **Minimum Contacts** | 5 |
|     C. **Reasonableness** | 5 |
| II. **THE COMPLAINT SHOULD BE DISMISSED FOR PRIOR PENDING FOREIGN ACTION** | 6 |
| III. **COMPLAINT SHOULD BE DISMISSED FOR FORUM NON CONVENIENS** | 9 |
|     A. **Plaintiff's Choice of Forum Should be Entitled to Less Deference** | 9 |
|     B. **Greece is an Adequate Alternative Forum** | 10 |

    C. **The Private Interest Factors Weigh in Favor of Dismissal**      10

        i. *The Relative Ease of Access to Sources of Proof*      10

        ii. *Availability of Compulsory Process for Attendance of Unwilling, and the Cost of Obtaining Attendance of Willing, Witnesses*      10

    D. **The Public Interest Factors Weigh in Favor of Dismissal**      11

        i. *The Local Interest in Having Localized Controversies Decided at Home*      11

        ii. *The Interest in Having the Trial of a Diversity Case in a Forum that is at Home with the Law that Must Govern the Action*      11

IV. **PLAINTIFF'S CONVERSION CLAIM MUST BE DISMISSED**      11

    A. Accrual of Claims of Conversion.      11

    B. The Conversion and Cause of Action is Barred by the Statute of Limitations.      11

V. **PLAINTIFF'S FRAUD CLAIM MUST BE DISMISSED**      12

    A. Fraud Claim Does Not Comply with FRCP Rule 9(b)      12

    B. Fraud Claims Duplicative of Breach of Contract Claim      12

**CONCLUSION**      13

## Table of Authorities

| Federal Cases | Page |
|---|---|
| Arrow Trading Co. v. Sanyei Corp. (Hong Kong), Ltd., 576 F. Supp. 67 (S.D.N.Y. 1983) | 2, 3 |
| Clifton v. Vista Computer Servs., 2002 U.S. Dist. LEXIS 12977(S.D.N.Y. July 16, 2002) | 12 |
| Curtis v. Citibank, N.A., 226 F.3d 113 (2d Cir. 2000) | 7 |
| Excel Shipping Corp. v. Seatrain Int'l S.A., 584 F. Supp 734 (S.D.N.Y. 1984) | 2 |
| Evergreen Marine Corp. v. Welgrow Int'l Inc., 954 F.Supp. 101, (S.D.N.Y. 1997) | 6, 7 |
| Five Star Dev. Resort Cmtys. LLC v. iStar RC Paradise Valley LLC, 2012 U.S. Dist. LEXIS 41239 (S.D.N.Y. Mar. 26, 2012) | 12 |
| Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846 (2011) | 2 |
| GTFM, Inc. v. FUBUTU Home & Educ. Media, Inc., 2003 U.S. Dist. LEXIS 19159(S.D.N.Y. 2003) | 2, 5 |
| Gulf Oil v. Gilbert, 330 U.S. 501 (1947) | 9 |
| Gundlach v. IBM, 2012 U.S Dist. LEXIS 60926 (S.D.N.Y. 2012) | 9 |
| MasterCard Int'l, Inc. v. AR-Gencard Sociedad Anonima, 2002 U.S. Dist. LEXIS 4625 (S.D.N.Y. 2002) | 6, 7 |
| Mazloum v. Int'l Commerce Corp., 2011 U.S. Dist. LEXIS 128557 (S.D.N.Y. 2011) | 2 |
| Moskowitz v. La Suisse, 2012 U.S. Dist. LEXIS 46221 (S.D.N.Y. March 30, 2012) | 9 |
| Piper Aircraft v. Reyno, 454 U.S. 235 (1981) | 9 |
| Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64 (2d Cir. 2003) | 9 |
| Whitaker v. Fresno Telsat, Inc., 87 F.Supp. 2d 227 (S.D.N.Y. 1999) | 2, 5 |

**State Cases**

| | |
|---|---|
| Dimatteo v. Cosentino, 71 A.D.3d 1430 (4th Dept. 2010) | 11 |

State v. Seventh Regiement Fund,
  98 N.Y.2d 249 (1980) .................................................................................................11

**State Statutes**

N.Y. C.P.L.R. §214(3) ...................................................................................................11

NY CPLR §301 ........................................................................................................2, 3

NY CPLR §302(a)(1) ......................................................................................................4

NY CPLR §302(a)(2) ......................................................................................................4

NY CPLR §302(a)(3) ......................................................................................................4

**Federal Rules**

Fed. R. Civ. P. 4(k)(1)(A) ...............................................................................................1

Fed. R. Civ. P. 9(b) ......................................................................................................12

## PRELIMINARY STATEMENT

At the heart of this action is whether the plaintiff or the defendant has rights to the artwork of the late artist Theodoros Stamos ("Stamos"). However, this question should be decided by the Greek Courts, and this action should be dismissed for multiple reasons. First, personal jurisdiction does not exist over the defendant, who (1) is a Greek citizen; (2) resides in Greece; (3) has never stepped foot in the United States; and (4) does not transact or solicit business in the United States. Second, there are four actions currently pending in Greece dealing with the same issue, some of which were commenced prior to this action, so this matter should be dismissed based on the prior pending actions in Greece. Third, besides the plaintiff, all known witnesses and relevant artwork is located in Greece, so the matter should be dismissed based on the doctrine of *forum non conveniens*. In the event this Court does not dismiss the complaint outright, then several causes of action should be dismissed based on statute of limitations grounds or because they were not properly pleaded.

## FACTS

The facts are fully set forth in Complaint and the declaration of Zacharia G. Portalakis ("Portalakis Dec.") and the declaration of Cristos Gianakos ("Gianakos Dec."). These facts are incorporated as if fully set forth herein. For the ease of reference, the defined terms used therein will be used herein.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

FED. R. CIV. P. 4(k)(1)(A) provides that a federal district court has jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A). Whether a foreign defendant can be

{00138825;2}                                    1

brought to suit in federal court on the grounds of diversity is determined by the law of the state in which the federal court is located. Whitaker v. Fresno Telsat, Inc., 87 F.Supp. 2d 227, 229 (S.D.N.Y. 1999). Federal law only comes into the picture to determine whether the exercise of jurisdiction is consistent with federal due process requirements. Id. In opposition to a 12(b)(2) motion to dismiss, the plaintiff has the burden to show, by the preponderance of the evidence, that the court has jurisdiction over the defendant. Id.; GTFM, Inc. v. FUBUTU Home & Educ. Media, Inc., 2003 U.S. Dist. LEXIS 19159, at *4 (S.D.N.Y. 2003).

Here, plaintiff alleges that this Court has personal jurisdiction over defendant pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302. As will be discussed below, personal jurisdiction does not exist under those provisions.

### A. New York's Personal Jurisdiction Law

#### i. CPLR §301: Traditional Jurisdiction

CPLR §301 provides that "a court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore." This has been interpreted as incorporating New York's traditional bases for jurisdiction over New York domiciliaries, Mazloum v. Int'l Commerce Corp., 2011 U.S. Dist. LEXIS 128557, at *8 (S.D.N.Y. 2011)(citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011), including the "doing business test" and presence. Excel Shipping Corp. v. Seatrain Int'l S.A., 584 F. Supp 734, 744 (S.D.N.Y. 1984). The "doing business" test authorizes New York court's jurisdiction over a foreign corporation "only upon a finding that the corporation is 'engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" Arrow Trading Co. v. Sanyei Corp. (Hong Kong), Ltd., 576 F. Supp. 67, 69

(S.D.N.Y. 1983). "Doing business" does not include solicitation of business. Arrow Trading Co., 576 F. Supp. at 69 (citing Top Form Mills v. Sociedad National Ind., etc., 428 F. Supp. 1237, 1246 n. 12 (S.D.N.Y. 1977)). Furthermore, the "presence" must not be occasional or casual, but must be with a fair measure of permanence and continuity." Arrow Trading Co., 576 F. Supp. at 69 (quoting Laufer v. Ostrow, 55 N.Y.2d 205, 310 (1982)). It is undisputed that defendant is neither a New York Domiciliary nor was he present in New York State when served, nor has he consented to service in New York, thus the only inquiry for purposed of CPLR §301 is whether defendant was "doing business" in New York.

Here, plaintiff does not allege in the complaint that defendant ever set foot in New York and, in fact, defendant has never set foot in New York. See Portalakis Dec., prs. 9-10, 12, 33, 64-68, 79. Similarly, defendant did not transact business in New York or have anyone on his behalf supply goods or services in New York. See Portalakis Dec., prs. 9-10, 12, 33, 64-68, 79. As such, it is clear that defendant was not "present" in New York on a "continuous or systematic" basis for purposes of CPLR §301.

Plaintiff's feigned allegations that Mr. Gianakos was defendant's "agent" do not help her. As discussed in the Declaration of Cristos Gianakos, he was not an "agent" in any capacity to plaintiff. See Portalakis Dec., prs. 14-15, 33-37. Even if he was an "agent", which defendant disputes, his activities do not subject defendant to jurisdiction. See Arrow Trading Co., 576 F. Supp. at 70 (citing Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 537 (1967))(holding alleged agent's activities on behalf of defendant were ministerial, and that the agent did not do "all the business which [defendant] could do were it here by its own officials.").

As such, personal jurisdiction over the defendant does not exist under CPLR §301.

### ii. *CPLR §302: New York's Long Arm Statute*

#### 1. CPLR §302(a)(1)

CPLR §302(a)(1) provides that jurisdiction is proper over a non-domiciliary who transacts any business within the state or contracts anywhere to supply goods or services in the state. NY CPLR §302(a)(1).

#### 2. CPLR §302(a)(2)

CPLR 302(a)(2) provides that jurisdiction is proper over a non-domiciliary who commits a tortious act within the state.

#### 3. CPLR §302(a)(3)

CPLR 302(a)(3) provides that provides that jurisdiction is proper over a non-domiciliary who commits a tortious act without the state causing injury to person or property within the state if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

#### 4. No Personal Jurisdiction Pursuant to CPLR §302

Plaintiff does not specify in her complaint which paragraph of CPLR §302 she alleges jurisdiction is based, but personal jurisdiction does not exist under either paragraph. Personal jurisdiction does not exist under CPLR §302(a)(1) because defendant has not transacted business in New York or contracted anywhere to supply goods or services in the state. See Portalakis Dec., prs. 9-10, 12, 33, 64-68, 79. In addition, personal jurisdiction pursuant to CPLR §302(a)(2) does not exist because plaintiff does not allege that defendant committed any tortious

act while in New York. Indeed, defendant never set foot in New York. Similarly, personal jurisdiction does not exist pursuant to CPLR §302(a)(3) because defendant does not solicit business in New York, does not derive substantial revenue from New York and does not derive substantial revenue from interstate or international commerce. See Portalakis Dec., prs. 2-4, 9-10, 12, 33, 64-68, 79

### B. Minimum Contacts

If the Court finds jurisdiction under New York's Long Arm Statute, which it should not, it must also find that defendant has such "minimum contacts" with New York so that "the maintenance of the suite does not offend 'traditional notions of fair play and substantial justice.'" GTFM, Inc., 2003 U.S. Dist. LEXIS 19159, at *6 (citing International Shoe). As such, there must "some act which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at *6-7.

Here, there is no evidence of the necessary purposeful availment. As discussed at length in the Portalakis Delcaration, defendant has not conducted *any* activities within the State of New York which would meet the minimum contacts test. See e.g., Portalakis Dec., prs. 9-10, 12, 33, 64-68, 79. As such, the Court cannot assert jurisdiction over him.

### C. Reasonableness

Even assuming "minimum contacts" is established, which should not be found, the Court must then undertake the "reasonableness" inquiry. Whitaker v. Fresno Telsat, Inc., 87 F.Supp. 2d 227, 233 (S.D.N.Y. 1999)(quoting Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567-68 (2d Cir. 1996)). The Court considers (1) the burden that the exercise of jurisdiction

will impose on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining effective and convenient relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. Id.

Here, the reasonableness factors weigh in favor of a finding that personal jurisdiction does not exist over defendant. Most importantly, the exercise of jurisdiction will impose an extreme burden on defendant, who is a Greek domiciliary, does not speak English and whose art work will be extremely costly to transport to New York for discovery purposes. See Portalakis Dec., prs. 2, 79-83.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR PRIOR PENDING FOREIGN ACTIONS

A Court has the "inherent power to dismiss or stay an action based on the pendency of a related proceeding in a foreign jurisdiction." Evergreen Marine Corp. v. Welgrow Int'l Inc., 954 F.Supp. 101, 103-04 (S.D.N.Y. 1997)(citing In re Houbigant, 914 F. Supp. 997, 1003 (S.D.N.Y. 1996); Continental Time Corp. v. Swiss Credit Bank, 543 F. Supp. 408, 410 (S.D.N.Y. 1982)). In dismissing or staying an action, a Court must consider (1) the similarity of parties and issues involved in the foreign jurisdiction; (2) the promotion of judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions. Evergreen Marine Corp., 954 F.Supp. at 103 (citing Caspian Investments, Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880, 884 (S.D.N.Y. 1991)); MasterCard Int'l, Inc. v. AR-Gencard Sociedad Anonima, 2002 U.S. Dist. LEXIS 4625, at *25-26 (S.D.N.Y. 2002). It has been expressly noted that the parties and issues in the actions do not need to be

exactly the same in order for the Court to defer to a foreign action. MasterCard Int'l, Inc., 2002 U.S. Dist. LEXIS 4625, at *27.

A stay or dismissal is also warranted in order to reduce duplicative discovery and litigation, and minimize the risk of inconsistent judgments. See Evergreen Marine Corp, 954 F.Supp. at 104. Courts are encouraged to prevent duplicative litigation in order to (1) foster judicial economy; (2) provide for the comprehensive disposition of litigation; and (3) protect parties from "the vexation of concurrent litigation over the same subject matter." Curtis v. Citibank, N.A., 226 F.3d 113, 138 (2d Cir. 2000)(citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952); Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)). In weighing whether to dismiss or stay a matter in favor of a foreign action, a Court must also consider "wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation." Evergreen Marine Corp., 954 F.Supp. at 103-04 (quoting Colorado River Water Conserv. Dist. V. United States, 424 U.S. 800, 817 (1976)). Furthermore, principles of international comity dictate that a Court should defer to the legislative, executive and judicial actions of foreign nations. Evergreen Marine Corp., 954 F.Supp. at 103-04 (quoting Colorado River Water Conserv. Dist. V. United States, 424 U.S. 800, 817 (1976)).

Here, there will be a total of *four* pending prior actions in Greece that relate to the art work and copyrights at issue herein, three of which pertain to whether plaintiff or defendant had rights to the work of Stamos. See Portalakis Dec., prs. 39-45, 51-63, 70-78. In one action, a Greek court granted a temporary injunction maintaining the status quo subject to a hearing and a further filing by Poralakis. See Portalakis Dec., pr. 60.

On January 10, 2012 defendant sought a sequestration order in Greece for the paintings and other works of art given to him by plaintiff, to be placed in escrow in the custody of the

Benaki Museum , pending the Greek Court's determination of ownership and copyrights in the works. See Portalakis Dec., prs. 58-59.  On January 16, 2012 the Greek Court issued an injunction directing that the objects be held in the "status quo" until a hearing is held on Defendant's Petition. See Portalakis Dec., pr. 60.  It was only after the issuance of the injunction in Greece that this action was commenced by plaintiff, who had earlier appeared by counsel in the Greek proceeding.

Furthermore, there are two other lawsuits pending in Greece in which the validity of the copyright assignment between the parties in this action is being litigated and in which plaintiff has offered testimony. See  Portalakis Dec., prs. 54-55, 72.  These cases involve exactly the same issues that are involved in this action.

In addition to the lawsuits, related  issues are being addressed  currently by the Greek Ministry of Finance – National Trusts Directorate as a result of Plaintiff's claims that Defendant lacks the authority to assign copyrights to the Foundation, which has had an application pending since 2009.  See  Portalakis Dec., prs 49-50.

The *Evergreen* factors weigh in favor of dismissal.  Each of the Greek actions involve the defendant, plaintiff has appeared in one of the actions and testified  in two of the other actions, and all actions deal with the issue of the rights to Stamos' copyrights and works.  Those actions are currently pending, and in one action the Court has already issued the Greek equivalent of a TRO.  Relief given by the Greek Court will be adequate.  Issues of convenience and fairness greatly favor defendant, who is a Greek domiciliary, only speaks Greek and the subject works are already in Greece.  As such, this matter should be dismissed, or in the least stayed, until the resolution of the Greek actions.

## III. COMPLAINT SHOULD BE DISMISSED FOR FORUM NON CONVENIENS

The Court has the broad discretion to dismiss a complaint on *forum non conveniens* grounds. Gundlach v. IBM, 2012 U.S Dist. LEXIS 60926, at *41 (S.D.N.Y. 2012). The Court must determine: (1) whether the plaintiff's choice of forum is entitled to more or less deference; (2) whether an adequate alternative forum exists; (3) the private and public interests, while considering the relative hardships involved, must weigh in favor of the requested forum. Gundlach, 2012 U.S Dist. LEXIS 60926, at *41 (quoting Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 70 (2d Cir. 2003)).

The private interest factors include (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Moskowitz v. La Suisse, 2012 U.S. Dist. LEXIS 46221, at *9 (S.D.N.Y. March 30, 2012)(quoting Piper Aircraft v. Reyno, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. Moskowitz, 2012 U.S. Dist. LEXIS 46221, at *9 (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 509, (1947)).

### A. Plaintiff's Choice of Forum Should be Entitled to Less Deference

There are several reasons why plaintiff's choice of forum should be entitled to less deference than defendant's choice. First, as discussed above in section II, *supra*, defendant

commenced actions in Greece prior to the instant action. Second, there are other actions currently pending in Greece. Third, plaintiff's art dealer client, PTE Fine Arts and its principals, sued defendant in Greece and not in New York. Since there are several actions in Greece, some of which were instituted prior to this one, and one of which was instituted by one of plaintiff's own clients, plaintiff's choice of forum should be entitled to less deference than defendant's.

### B. Greece is an Adequate Alternative Forum

As discussed above, there are four actions already pending in Greece dealing with the same issues, one of which the Court issued an injunction related to certain works. As such, Greece is an adequate alternative forum.

### C. The Private Interest Factors Weigh in Favor of Dismissal

#### i. *The Relative Ease of Access to Sources of Proof*

Defendant and the property at issue are all located in Greece. Further, with the exception of plaintiff, all of the known witnesses are in Greece. Clearly, if this matter was held in Greece, the access to sources of proof would be much easier.

#### ii. *Availability of Compulsory Process for Attendance of Unwilling, and the Cost of Obtaining Attendance of Willing, Witnesses*

It will be extremely costly for witnesses located in Greece to travel to New York for their depositions. On the other hand, plaintiff, who has already traveled to Greece on numerous occasions to testify in the actions currently pending there, is the only witness located in New York with relevant knowledge. As such, this factor weighs in favor of dismissal.

### D. The Public Interest Factors Weigh in Favor of Dismissal

#### *i. The Local Interest in Having Localized Controversies Decided at Home*

At the heart of this lawsuit is whether Portalakis will be able to feature the works of Stamos for a Greek foundation in a museum he is currently creating in Greece. Clearly, Greece has an interest in deciding whether a Greek resident has rights to the art works, and which would allow him to display the works in a museum to be viewed by the Greek population.

#### *ii. The Interest in Having the Trial of a Diversity Case in a Forum that is at Home with the Law that Must Govern the Action*

Here, this factor is neutral because the assignment agreement does not contain a choice of law provision. Thus, at this stage it is unclear whether Greek or United States law will apply.

## IV. PLAINTIFF'S CONVERSION CLAIM MUST BE DISMISSED

### A. Accrual of Claims of Conversion.

A claim of conversion has a three year statute of limitations. See N.Y. C.P.L.R. §214(3). "A cause of action for conversion accrues 'when all of the facts necessary to sustain the cause of action have occurred, so that at party could obtain relief in court.'" State v. Seventh Regiement Fund, 98 N.Y.2d 249, 259 (1980). To put it another way, a claim for conversion generally accrues on the date on which the conversion takes place. Dimatteo v. Cosentino, 71 A.D.3d 1430, 1431 (4th Dept. 2010).

### B. The Conversion and Cause of Action is Barred by the Statute of Limitations.

Plaintiff's claim for conversion is barred by the applicable statute of limitations, which began to run when the property was delivered to defendant in late 2005, early 2006, See Complaint, pr. 30, more than three years prior to the initiation of this action.

## V. PLAINTIFF'S FRAUD CLAIM MUST BE DISMISSED

### A. Fraud Claim Does Not Comply with FRCP Rule 9(b)

Fed. R. Civ. P. 9(b) provides that a claim of fraud must:

(1) specify the statements that the plaintiff alleges were fraudulent; (2) identify the speaker; (3) indicate when and where the statements were made, and (4) explain why the statements were fraudulent." Statements are specified sufficiently when the pleading alleges when the misstatement was made, by whom, and why it was fraudulent. Malice, knowledge, and other levels of intent to defraud may be pleaded generally, but the plaintiff must allege facts [giving] rise to a strong inference of fraudulent intent. The requisite scienter for all alleged acts of fraud is intent to defraud, knowledge of the falsity of the representation, or reckless disregard for the truth.

Five Star Dev. Resort Cmtys. LLC v. iStar RC Paradise Valley LLC, 2012 U.S. Dist. LEXIS 41239, at *17 (S.D.N.Y. Mar. 26, 2012)(internal citations omitted). Here, plaintiff fails to specify the alleged fraudulent statements, fails to indicate when and where the statements were made and why the statements were fraudulent. See Complaint, prs. 77-88.

### B. Fraud Claims Duplicative of Breach of Contract Claim

Under New York law, one cannot maintain claims for fraud and breach of contract related to the same set of facts. See Clifton v. Vista Computer Servs., 2002 U.S. Dist. LEXIS 12977, at *4 (S.D.N.Y. July 16, 2002)("It is black letter law in New York that a claim for common law fraud will not lie if the claim is duplicative of a claim for breach of contract."). Here, plaintiff attempts to do just that. The pleadings clearly demonstrate that plaintiff's claim for fraud is duplicative of her claim for breach of contract. See Complaint, prs. 77-93.

## CONCLUSION

In light of the above, defendant respectfully submits that its Complaint be dismissed in its entirety.

Dated: New York, New York
       May 25, 2012

                                    BALLON STOLL BADER & NADLER, P.C.
                                    *Trial Counsel for Plaintiff*

                                    By: _____
                                         Laurence J. Lebowitz, Esq. (6816)
                                    729 Seventh Avenue – 17th Floor
                                    New York, New York 10019
                                    212.575-7900